UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

JOSHUA ARDOLF, et al.,

                      **Plaintiffs,**                **18-CV-12112 (GBD)(SN)**

        -against-

                                                      **ORDER**

**BRUCE WEBER,**

                      **Defendant.**

----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

       Defendant seeks an order confirming that he is not required to pay Plaintiffs' treating physicians or therapists, who are not named as expert witnesses, for their depositions in excess of what is provided for in 18 U.S.C. § 1821. See ECF No. 112. Plaintiffs have not responded to Defendant's letter and, according to Defendant, they do not intend to. See id. at 1. For the reasons discussed below, Defendant's motion is GRANTED.

       The question whether treating physicians who have not been named as expert witnesses are entitled to fees beyond the statutory rate of $40 per day is not settled in this Circuit. 18 U.S.C. § 1821. Compare Zanowic v. Ashcroft, No. 97-cv-5292 (JGK) (HBP) 2002 WL 826878, at *2 (S.D.N.Y. April 30, 2002) (physician fact witness was not entitled to compensation beyond the statutory rate), with Altman v. Motion Water Sports, Inc., No. 06-cv-6216 (DFE), 2007 WL 2119898, at *3-4 (S.D.N.Y. July 4, 2007) (physician witness entitled to a reasonable fee, no more than he would charge to plaintiff).

       In this case, the Court concludes that Plaintiffs' non-expert physician witnesses are not entitled to heightened witness fees. Defendant's motion is unopposed. Plaintiffs have not argued, for example, that the physician witnesses will testify to anything other than facts involving their

treatment of Plaintiffs. See Hodge v. City of Long Beach, No. 02-cv-5851 (TCP) (AKT), 2006 WL 1211725, at *4-5 (E.D.N.Y. May 4, 2006) (denying physician fees in excess of statutory rate absent argument that she was providing expert testimony). Accordingly, consistent with Zanowic, the Court concludes that Plaintiffs' physicians are not entitled to compensation beyond that set forth in 28 U.S.C. § 1821. See 2002 WL 826878, at * 2. Accord DiRienzo v. Metro. Transit Auth., et al., No. 01-cv-8138 (CBM), 2004 WL 67479, at *2 (S.D.N.Y. Jan. 15, 2004) (denying non-expert physicians payment beyond the compensation scheme set forth in 18 U.S.C. § 1821).

    Accordingly, Defendant is not required to pay any of Plaintiffs' treating physicians or therapists who are not named as expert witnesses compensation for their deposition in excess of the amount provided for in 18 U.S.C. § 1821. The Clerk of Court is respectfully requested to terminate the motion at ECF No. 112.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:    April 28, 2020
              New York, New York