UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

JOSHUA ARDOLF, et al.,

                          **Plaintiffs,**

        -against-

BRUCE WEBER,

                          **Defendant.**

--------------------------------------------------------------------X

**18-CV-12112 (GBD)(SN)**

**ORDER**

**USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:**
**DATE FILED:** 5/15/2020

**SARAH NETBURN, United States Magistrate Judge:**

Defendant moves for an order permitting his counsel to question Plaintiff Anthony Baldwin's ("Baldwin") wife, Nancy Ly ("Ly"), about Baldwin's medical, psychological or psychiatric records at Ly's deposition. See Defendant's Letter Motion, ECF No. 116. Plaintiffs oppose Defendant's motion and argue that Defendant should be precluded from confronting Ly with Baldwin's medical records at the deposition. See Plaintiffs' Response, ECF No. 117. The parties also jointly move for leave to file an unredacted version of Defendant's letter motion under seal. ECF No. 114. For the reasons below, Defendant's motion is GRANTED. The motion for leave to file under seal is also GRANTED.

## I.  Deposition of Nancy Ly

The Federal Rules provide for the taking of discovery, including by oral deposition, "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevant information "need not be admissible in evidence to be discoverable." Id. Although the deposition discovery regime is "an extremely permissive one," district courts may limit such discovery if they determine that "(1) the discovery sought is unreasonably cumulative or duplicative, or more

readily obtainable from another source; (2) the party seeking discovery already has had ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit." In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 69 (2d Cir. 2003) (citing Fed.R.Civ.P. 26(b)(2)(i)-(iii)).

There is no dispute that Baldwin's mental health and medical records are relevant in this case. See Pls.' Response 1. Indeed, Baldwin seeks to recover damages for emotional distress and pain and suffering, including but not limited to mental anguish, depression, PTSD, anxiety, and sleep disturbances. Def.'s Mot. 2. Ly was identified in Plaintiffs' initial disclosures as a witness with "knowledge and information regarding Baldwin's allegations against Defendant, Baldwin's pain and suffering, [and] emotional distress." Id. As Plaintiffs have put Baldwin's mental health at issue and identified Ly as a knowledgeable witness, it is reasonable for Defendant to question Ly about Baldwin's mental health.

Plaintiffs argue that confronting Ly with her husband's medical records "would be nothing more than an attempt by Defendant to argue and prove his defense to her." Pls.' Response 2. But Plaintiffs have not shown that, despite its relevance, Defendant's anticipated line of questioning would be unduly burdensome. Nor have Plaintiffs otherwise established good cause to preclude Defendant from questioning about Baldwin's medical records—which Plaintiffs concede could be presented to a jury. See id. at 1; Fed. R. Civ. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"). See also Pegoraro v. Marrero, No. 10-cv-00051 (AJN), 2012 WL 1948887, at *4 (S.D.N.Y. May 29, 2012).

## II.  Motion for Leave to File Under Seal

The parties jointly move for leave to file an unredacted version of Defendant's letter motion under seal. ECF No. 114. Defendant's motion includes discussion of Baldwin's medical information. A redacted version is already filed on the docket. The Court finds that good cause exists to permit a redacted version of the letter motion to be filed on the docket with an unredacted version filed under seal. See Geller v. Branic Int'l Realty Corp., 212 F.3d 734, 738 (2d Cir. 2000) (district courts have "considerable discretion" to initially determine whether documents should be sealed). See also In re SunEdison, Inc. Sec. Litig., No. 16-cv-7917 (PKC), 2019 WL 126069, at *1 (S.D.N.Y. Jan. 7, 2019).

Accordingly, the motion for leave to file a redacted version of the letter motion at ECF No. 116 on the docket and an unredacted version under seal is GRANTED. The Court will not preclude Defendant from questioning Ly about Baldwin's medical records. Defendant's motion, ECF No. 116, is also GRANTED. The Clerk of Court is respectfully requested to terminate the motions at ECF Nos. 114 and 116.

**SO ORDERED.**

_____

SARAH NETBURN
United States Magistrate Judge

DATED:      May 15, 2020
            New York, New York