UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: October 22, 2020
```

JOSHUA ARDOLF, ANTHONY BALDWIN,
BUDDY KRUEGER, JACOB MADDEN, and
JNANA VAN OIJEN,

                      Plaintiffs,

v.

BRUCE WEBER,

                      Defendant.

CASE NO. 18-cv-12112-GBD-SN

**PROTECTIVE ORDER FOR TESTING MATERIAL**

**Sarah Netburn, U.S.M.J.**

The Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the expert discovery phase of this action, and the parties having stipulated to the following provisions, it is hereby ORDERED that any person subject to this Order – including without limitation the parties to this action, their attorneys, representatives, agents, experts and consultants, acting as such, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order -- shall adhere to the following terms, upon pain of contempt:

**Testing Expert Testing Discovery Materials May Be Designated as Confidential**

1. "Testing Material" is defined as psychological testing protocols (printed questions), raw test data (answers to questions and scaled scores), and published manuals used in scoring such evaluations.

2. The reason for this Protective Order is that one of Plaintiffs' expert witnesses – Dr. Ho – contends that professional and ethical obligations prevent her from disseminating certain Testing Materials in accordance with the requirements of expert

disclosure without the benefit of confidentiality protections herein. Defendant and his expert do not agree that this is required, but Plaintiff's counsel has explained that Dr. Ho will not turn over overdue Testing Material unless the Defendant agrees to this Protective Order.

3. Either party or his expert may designate any Expert Testing Materials as "Confidential."

4. Any person subject to this Order who receives from any other person any Testing Material that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Testing Material to anyone else except as expressly permitted hereunder, subject to further court order.

5. With respect to any Testing Material that the producing party believes deserves confidentiality protections including deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion in a manner that will not interfere with legibility or audibility. Deposition testimony and exhibits involving Testing Material may be designated as "Confidential" on the record during the deposition.

6. If at any time prior to the trial of this action, a producing person realizes that Testing Material, including deposition transcripts and exhibits that that person previously produced without limitation should be designated as "Confidential," the producing person may so designate that portion by promptly notifying all parties in writing. Such designated portion of the Discovery Material will thereafter be treated as Confidential under the terms of this Order. In addition, the producing person shall

provide each other party with replacement versions of such Testing Material that bears the "Confidential" designation within two (2) business days of providing such notice.

7. Any party may challenge any Confidentiality designations under this Order. At all times, the party seeking confidentiality protections under this Order has the burden of proof of establish entitlement to such protections.

**Who May Receive Confidential Material**

8. Except as otherwise stated in this Order, no person subject to this Order, other than the producing person, shall disclose any Testing Material to any other person whomsoever, except to:

    (a) the parties to this action, including Little Bear, Inc.;

    (b) counsel retained specifically for this action, including any paralegal, clerical or other assistant employed by such counsel and assigned specifically to work on this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

    (c) as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

    (d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

  (e) any person retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

  (f) stenographers and video technicians engaged to transcribe or record depositions conducted in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

  (h) the Court and its staff; and

  (i) any other person whom the producing person, or other person designating the Testing Material "Confidential," agrees in writing may have access to such material.

9. Prior to the disclosure of any Confidential Expert Testing Discovery Material to any person referred to in subparagraphs 8(d)-(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement, in the form annexed hereto, stating that that person has read this Order and agrees to be bound by its terms. Counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

**Designating and Filing Confidential Material in this Action**

7. Any party file any document or testimony designated as "Confidential" under this Order, but must seek to file such material under seal.

8. Each person who has access to Confidential Testing Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

**Termination of the Litigation**

15. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Confidential Testing Material and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

16. During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

For Plaintiffs:

Signed: _____

Name: Arick W. Fudali

Dated: 10/21/2020

For Defendant:

Signed: _____

Name: Jonathan Etra

Dated: 6-21-20

---

The Court interprets paragraphs 7–8 to require the parties to seek leave of Court in order to file documents under seal. The Protective Order is otherwise ADOPTED.
**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

Dated: October 22, 2020
       New York, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSHUA ARDOLF, ANTHONY BALDWIN, BUDDY KRUEGER, JACOB MADDEN, and JNANA VAN OIJEN,<br><br>                    Plaintiffs,<br><br>v.<br><br>BRUCE WEBER,<br><br>                    Defendant. | CASE NO. 18-cv-12112-GBD-SN<br><br>**<u>NON-DISCLOSURE AGREEMENT</u>** |

I, _____ , acknowledge that I have read and understand the Protective Order in this action governing the non- disclosure of those portions of Testing Material that have been designated as Confidential. I agree to abide by the Protective Order. At the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____        _____
                                                                                    [Signature]